# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.        NO. 4:09CR00265 WRW/HDY | |
| GEORGE WYLIE THOMPSON,<br>CARY L. GAINES, and<br>SAMUEL GAYLON BAGGETT | DEFENDANTS |
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.        NO. 4:09CR00305 JLH/HDY | |
| GEORGE WYLIE THOMPSON and<br>RALPH FRANCIS DELEO | DEFENDANTS |
| UNITED STATES OF AMERICA | PLAINTIFF |
| v.        NO. 4:10CR00094 JMM/HDY | |
| GEORGE ALLEN THOMPSON | DEFENDANT |

## ORDER

Defendant George Wylie Thompson ("Thompson"), his co-defendants, and the defendants in <u>United States of America v. George Wylie Thompson and Ralph Francis Deleo</u>, 4:09CR00305 JLH, and <u>United States of America v. George Allen Thompson</u>, 4:10CR00094 JMM, have filed separate motions to suppress, all six of which have been referred to the undersigned for recommended disposition. A hearing on the motions is scheduled for Tuesday, August 24, 2010.

Thompson has raised a number of assertions in support of his motion to suppress, all of which have been adopted by his co-defendants and the defendants in 4:09CR00305 and 4:10CR00094. One of the issues raised by Thompson is a challenge to an affidavit that was offered in support of an application for an order authorizing the interception of communications to and from his cell phone ('wiretap"). The question has arisen whether, as a part of the hearing on the motions to suppress, Thompson will be accorded a <u>Franks</u> hearing and given an opportunity to question the affiant. In order to provide some guidance to the parties, the undersigned deems it advisable to address the <u>Franks</u> issue prior to the hearing. The findings and conclusions that follow will be incorporated into the recommended dispositions that will eventually be sent to the presiding judges in 4:09CR00265, 4:09CR00305, and 4:10CR00094. Against that backdrop, the undersigned turns to consider the <u>Franks</u> issue.

At some point, the Government learned of an alleged illegal gambling operation involving Thompson. The Government eventually submitted an application for an order authorizing a wiretap of his cell phone ("wiretap"). The application was supported by an affidavit from Federal Bureau of Investigation ("FBI") Special Agent Gerald Spurgers ("Spurgers"). The representations he made in the affidavit were built, in part, upon the cooperation provided by two witnesses, identified in the affidavit as Cooperating Witness 1 ("CW1") and Cooperating Witness 2 ("CW2"). With regard to CW1's criminal background, Spurgers represented the following in the affidavit:

> ... CW1 served as a law enforcement officer but resigned when CW1 was charged with theft by an ex-girlfriend; these charges were ultimately dismissed. CW1 is currently on probation after being convicted of nonpayment of checks in connection with a failed business effort. ...

See 4:09CR00265, Document 105, Volume 1, Applications/Order Tab, December 2, 2008, Affidavit of Gerald Spurgers at 15. With regard to CW2's criminal background, Spurgers represented the following in his affidavit:

> ... CW2 has previously been convicted for illegal drug offenses. CW2 agreed to cooperate with the FBI in this investigation in exchange for not being charged in this matter with an offense that would result in his/her imprisonment. ...

See Id. at 22. On December 2, 2008, United States District Judge Brian S. Miller authorized the wiretap of Thompson's cell phone.

The information obtained by means of the wiretap, and the information obtained by means of two subsequent wiretaps of Thompson's cell phone and the wiretaps of cell phones belonging to Thompson's co-defendants, caused the Government to eventually indict Thompson for a host of federal offenses. Following his indictment, he filed the pending motion to suppress and challenged, inter alia, the representations made by Spurgers as to CW1's criminal background. With regard to that challenge, Thompson alleged the following:

> The information contained in the ... affidavit was false and misleading as to CW1. The affidavit portrayed a picture to the issuing judge of an informant unjustly accused by his girlfriend and on probation for a minor hot check[] offense. [Footnote omitted]. In truth, and as the affiant knew, CW1 was convicted of Felony Hot Check, a Class B felony, carrying a sentence of between five and twenty years in the Arkansas Department of Correction. Various checks and fees totaled $7140.00. On May 27, 2005, CW1 was placed on three year probation and ordered to pay restitution. When CW1 failed to do so, and when he failed to report to his probation officer and moved without notice, his probation was revoked on March 6, 2007, and he was ordered to begin a new three-year term of probation and ordered to pay $5090.00.

See 4:09CR00265, Document 82 at 20-21.

The Government responded to Thompson's motion and addressed, among other points, his challenge to the representations made by Spurgers as to CW1's criminal background. The Government maintained that Spurgers' affidavit "accurately disclose[d] CW1's criminal history and contain[ed] no material misstatements or omissions ..." See 4:09CR00265, Document 117 at 20.

-4-

Thompson subsequently filed a supplemental motion to suppress and an offer of proof in support of his request for a hearing on his challenge to the representations made by Spurgers in the affidavit. In the supplemental motion, Thompson renewed his attack upon the representations made by Spurgers as to CW1's criminal background and opened up a new attack upon the representations made by Spurgers as to CW2's criminal background.[1] With regard to CW2's criminal background, Thompson alleged the following in his supplemental motion:

---

[1]

With regard to CW1's criminal background, Thompson alleged the following in his supplemental motion:

> Attached are records obtained from the Pulaski County Prosecutor's Office pursuant to a Freedom of Information Act request, records from the City of Blytheville pursuant to a subpoena issued by the Court, and public records from the Pulaski County Circuit Clerk that paint a dramatically different picture of the backgrounds of CW1 and CW2 that bear on their veracity. Contrary to the assertions contained in the affidavits, these records show that CW1 had a long history of fraudulent activity dating back to 1996 while serving as a police officer with the City of Blytheville which culminated in the revocation of his felony probation in 2007. In 1996, CW1 began passing fraudulent checks that resulted in his reprimand by the Blytheville Police Department and a caution to get his financial affairs in order. Despite this warning, CW1 continued to pass fraudulent checks resulting in his suspension. In 1999, he was charged in the Mississippi County Circuit Court with felony theft of property. He was suspended indefinitely from the police force and the Civil Service Commission thereafter upheld his suspension. On June 23, 1999, a deputy prosecuting attorney declined to further prosecute CW1 and he (CW1) resigned under pressure the next day.
>
> In 2005, CW1 was charged in the Pulaski County Circuit Court with "unlawfully, feloniously, mak[ing], draw[ing], or utter[ing] checks in an amount of excess of $2500.00", a Class B felony carrying a statutory term of imprisonment from 5 to 20 years in the Arkansas Department of Correction and a $15,000 fine. On May 27, 2005, he was convicted as charged and sentence to a term of thirty-six months probation and $7140.00 in restitution. On January 27, 2007, the prosecuting attorney filed a petition to revoke CW1's felony probation, and on March 6, 2007, he was found in violation of the terms of his probation and sentenced to additional thirty-six months probation.

See 4:09CR00265, Document 122 at 2-3.

> Regarding CW 2, attached is a certified copy of a judgment in Case No. 95-1084 showing he was convicted of two counts of delivery of a controlled substance (marijuana and methamphetamine) in 1995 for which he was sentenced to two terms of ten years in the Arkansas Department of Correction with three years suspended. Also attached are two request forms for Case No. CR 99-3311 and Case No. CR 04-590. These files were in storage, but should be available by August 20, 2010. The Pulaski County Clerk's website shows that CW2 was convicted in Case No CR 99-3311 of Manufacture/Delivery of a Controlled Substance (methamphetamine) and possession with intent to deliver drug paraphernalia and was sentenced to a term of ten years. The website also shows that CW2 was convicted in Case NO. CR 04-590 of possession of a controlled substance, 3d offense, and sentenced to a term of thirty-six months incarceration. This motion will be supplemented with certified copies of these judgments when they are made available by the Clerk's Office.

See 4:09CR00265, Document 122 at 3. Given the foregoing, Thompson maintained that Spurgers purposely or recklessly failed to present facts that bore directly on the veracity of the informants.

The Government responded to Thompson's supplemental motion and maintained that Thompson's allegations do not meet the high burden required to obtain a Franks hearing. The Government maintained that Thompson failed to show that Spurgers' representations as to CW1 and CW2's criminal backgrounds were deliberate falsehoods or were made with a reckless disregard for the truth. Moreover, the Government maintained that Thompson failed to show that Spurgers made misleading omissions as to the criminal backgrounds of CW1 and CW2 and, assuming there were, Thompson failed to show that the omissions were clearly critical to the finding of probable cause.

There is a presumption of validity with regard to an affidavit supporting a warrant, see Franks v. Delaware, 438 U.S. 154 (1978), or in this instance, an affidavit supporting a wiretap. The Fourth Amendment nevertheless entitles a defendant to a hearing challenging the veracity of a warrant if he can make a "'substantial preliminary showing' that the affiant's statement or omission was deliberately false or demonstrated reckless disregard for the truth and that the statement or omission was essential to the [authorizing] judge's finding of probable cause." See United States v. Summage, 575 F.3d 864, 873 (8th Cir. 2009) [quoting Franks v. Delaware, 438 U.S. 154, 155-156 (1978)]. In order to obtain a Franks hearing, the United States Supreme Court requires the defendant to show the following:

> ... [T]he challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. [Footnote omitted]. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing. Whether he will prevail at that hearing is, of course, another issue.

See Franks v. Delaware, 438 U.S. at 171-172. It should be noted that the "substantial preliminary showing" is not lightly met. See United States v. Wajda, 810 F.2d 754 (8th Cir. 1987).

The undersigned has thoroughly reviewed Spurgers' affidavit and the pleadings and exhibits submitted in support of, and in opposition to, Thompson's request for a Franks hearing. The undersigned is satisfied that his attack on the representations made by Spurgers as to CW1 and CW2's criminal backgrounds is more than conclusory and is accompanied by an offer of proof. Thompson has also pointed out specifically the portion of the affidavit that is claimed to be false and/or misleading and has accompanied that showing with a statement of supporting reasons. Nevertheless, for the reasons that follow, he is not entitled to a Franks hearing.

As a preliminary matter, the undersigned characterizes Thompson's attack on the representations made by Spurgers as to CW1 and CW2's criminal backgrounds to involve the alleged omission of facts and not deliberate falsehoods. In that regard, the undersigned finds that Spurgers' representations as to their criminal backgrounds were not false, deliberate or otherwise, and do not suggest a reckless disregard for the truth but instead appear to be accurate. The questions for the undersigned are whether Spurgers omitted facts in his affidavit touching on their criminal backgrounds and, if so, whether the omitted facts were essential or otherwise clearly critical to the authorizing judge's finding of probable cause.

With regard to whether Spurgers omitted any facts in his affidavit touching on the criminal background of CW1, Spurgers' affidavit reflects the following: (1) CW1 had previously served as a law enforcement officer but had resigned when he was charged with theft by an ex-girlfriend, (2) the charge was ultimately dismissed, and (3) he is currently on probation after being convicted of nonpayment of checks in connection with a failed business effort. Thompson faults Spurgers for failing to make note of CW1's habitual passing of insufficient checks in the late 1990s, which resulted in a reprimand, caution, and eventual suspension by his employer. The undersigned fails to see how habitually passing insufficient checks, misconduct that did not result in a criminal charge, is particularly germane to an adequate understanding of CW1's criminal background and should have been noted by Spurgers in the affidavit. The undersigned is not aware of any obligation on the part of an affiant to note all non-criminal misconduct by a cooperating witness, and Thompson has not cited any such obligation.

Thompson faults Spurgers for omitting the fact that CW1 was actually charged with <u>felony</u> theft of property. The undersigned fails to see how the true class of the offense is particularly germane to an adequate understanding of CW1's criminal background and should have been noted by Spurgers in the affidavit. He noted that CW1 had been charged with theft but that the charge had been ultimately dismissed, which the undersigned finds was adequate to apprise the authorizing judge of the charge and its eventual disposition.

Thompson also faults Spurgers for omitting the particulars of the offense and punishment for which CW1 is currently on probation.  Although the inclusion of that information in Spurgers' affidavit might have been helpful, the undersigned fails to see how the particulars of the offense and punishment are germane to an adequate understanding of CW1's criminal background and should have been noted by Spurgers in the affidavit.  He noted that CW1 was convicted of nonpayment of checks and is currently on probation, which the undersigned finds was adequate to apprise the authorizing judge of the offense and punishment.

With regard to whether Spurgers omitted any facts in his affidavit touching on the criminal background of CW2, Spurgers' affidavit reflects the following: (1) CW2 has previously been convicted of illegal drug offenses, and (2) he agreed to cooperate with the FBI in exchange for not being charged with an offense that would result in his/her imprisonment.  Thompson faults Spurgers for failing to make note of the specifics of CW2's three drug convictions, specifically, the exact nature of the offenses and the resulting punishments.  Although the inclusion of that information in Spurgers' affidavit might have been helpful, the undersigned fails to see how the particulars of CW2's three convictions and resulting punishments are germane to an adequate understanding of CW2's criminal background and should have been noted by Spurgers in the affidavit.  He noted that CW2 had been convicted of several drug offenses, which the undersigned finds was adequate to apprise the authorizing judge of CW2's criminal background.

Given the foregoing, the undersigned finds that Spurgers' affidavit did not omit facts touching on the criminal backgrounds of CW1 and CW2. Although additional information about their criminal backgrounds might have been helpful, the facts that were provided were adequate to apprise the authorizing judge of their criminal backgrounds.

Alternatively, the undersigned assumes that Spurgers omitted facts touching on the criminal backgrounds of CW1 and CW2, the omitted facts being those noted in Thompson's submissions. The undersigned is nevertheless satisfied that Spurgers did not omit the facts in reckless disregard of the truth, thereby making his affidavit misleading. As Thompson correctly notes, recklessness may be inferred from "'the fact of omission of information from an affidavit ... when the material omitted would have been 'clearly critical' to the finding of probable cause." See Document 122 at 3-4 [quoting United States v. Mashek, 606 F.3d 922 (8th Cir. 2010). He has failed to show, however, that the omitted information was "'clearly critical' such that had it been included, the affidavit would not have supported a finding of probable cause." See United States v. Summage, 575 F.3d at 873. Spurgers specifically noted that both informants had criminal backgrounds and provided a general outline of those backgrounds, i.e., charges, convictions, and punishment. Although the inclusion of the omitted information in Spurgers' affidavit might have been helpful, the undersigned does not see how it would have added much to the authorizing judge's ability to assess their credibility.

For the foregoing reasons, Thompson has failed to make a "substantial preliminary showing" that Spurgers' omissions demonstrated reckless disregard for the truth and that the omissions were essential to the authorizing judge's finding of probable cause. Thompson will therefore not receive a <u>Franks</u> hearing as a part of the hearing to be conducted on Tuesday, August 24, 2010.[2]

IT IS SO ORDERED this ___23___ day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] As was noted above, these findings and conclusions will be incorporated into the recommended dispositions that will eventually be sent to the presiding judges in 4:09CR00265, 4:09CR00305, and 4:10CR00094.