**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.                                             NO. 4:09CR00305 JLH

GEORGE WYLIE THOMPSON
and RALPH FRANCIS DELEO                                                                              DEFENDANTS

**ORDER**

The United States has filed a motion in limine for admission of evidence, to which the defendants have responded.

With respect to Ralph Francis Deleo, the United States sought to introduce evidence seized from the person of Deleo when he was arrested on November 16, 2009, in Massachusetts on the instant charges, including a large wad of cash consisting of approximately $5,800, as well as evidence seized during at the execution of a search warrant at Deleo's apartment. After reviewing Deleo's response, the United States has agreed that it will not introduce certain evidence to which Deleo objected. The United States has agreed not to offer in its case in chief a plaster and rubber mask, disguise materials, and a book on casting and mold-making. With those exceptions, the motion in limine for admission of evidence is granted as to the evidence that the United States seeks to admit with respect to Deleo.

With respect to George Wylie Thompson, the United States in its motion sought the admission of evidence relating to a gambling operation that Thompson operated, evidence seized during the execution of a search warrant at Thompson's home (including documents consistent with a gambling operation and approximately $188,000 in cash, an envelope addressed to Thompson and containing Deleo's return address with printouts of various firearms), and evidence that following

the execution of the search warrants Thompson liquidated his assets, fled the country, was apprehended in Thailand, and was returned to the United States in FBI custody. After Thompson filed his response, the United States in its reply has withdrawn its efforts to introduce certain of the evidence. The United States has agreed that it will not offer into evidence any gambling-related documents nor the $188,000 that the United States alleges constitutes proceeds of a gambling operation. The United States intends to offer testimony from Tri Cam Le that Le serviced bettors for Thompson and bet with Thompson, and that Thompson made statements that he purported himself as a book-maker. The United States does not intend to reference Thompson's operation as an "illegal gambling operation," since that charge is the subject of a separate indictment. The United States says that some of the phone calls that it will offer contain Thompson taking bets, and that Thompson's gambling is part and parcel of the conspiracy in that it explains Thompson's relationship with and trust in Tri Cam Le, who allegedly transported drugs Thompson. The motion in limine for admission of evidence is granted with respect to Thompson, as that motion has been modified in the reply of the United States.

Deleo has also filed a motion in limine in which he seeks to exclude certain items from the wiretap telephone calls that the United States intends to introduce. The United States in its response has no objection to ten of the items in Deleo's motion in limine, so the motion will be granted without objection as to those ten items. The United States objects to Thompson's motion in limine in two respects. One of the objections relates to a telephone call between Thompson and the bail bondswoman Thompson contacted in an effort to bail out Tri Cam Le, after which Thompson called Deleo to discuss the bond. The motion in limine is denied with respect to that conversation. The United States also objects to deleting a portion of a statement made by Deleo regarding Deleo's prior

experience with taking the blame for an acquaintance in a drug-related arrest.  Deleo's motion in limine is granted as to that conversation.  The danger of unfair prejudice substantially outweighs any probative value that that portion of the taped conversation may have, so that evidence is excluded pursuant to Rule 403 of the Federal Rules of Evidence.

For the reasons stated, the United States' motion in limine for the admission of evidence is granted in part and denied in part.  Document #97.  Ralph Francis Deleo's motion in limine is granted in part and denied in part.  Document #103.

IT IS SO ORDERED this 15th day of October, 2010.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE